JONES DAY
PATRICK HANEY (SBN 266399)
51 Louisiana Ave N.W.
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
Email: phaney@jonesday.com
Attorney for Defendant
R.J. REYNOLDS TOBACCO COMPANY

ARNOLD & PORTER KAYE SCHOLER LLP
SEAN MORRIS (SBN 200368)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000
Facsimile: 213.243.4199
Email: Sean.Morris@arnoldporter.com
Attorney for Defendant
PHILIP MORRIS USA INC.

(additional counsel identified in signature blocks below)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

COUNTY OF SACRAMENTO,

Plaintiff,

vs.

PHILIP MORRIS USA INC., ALTRIA GROUP, INC., R.J. REYNOLDS TOBACCO COMPANY, REYNOLDS AMERICAN INC., SANTA FE NATURAL TOBACCO COMPANY, INC., BRITISH AMERICAN TOBACCO P.L.C., ITG BRANDS, LLC, LIGGETT GROUP, LLC, LIGGETT VECTOR BRANDS LLC, PITCO TOBACCO, INC., and DOES 1 THROUGH 100,

Defendants.

Case No.:____________________

Judge:________________________

Removed from Sacramento Superior Court, Case No. 26CV017286

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

**28 U.S.C. §§ 1331, 1441, and 1446**

Complaint Filed: July 17, 2026

Hearing: ______________________

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants R.J. REYNOLDS TOBACCO COMPANY and PHILIP MORRIS USA INC. (collectively, "Removing Defendants"), hereby remove the above-captioned action from the Superior Court of California for the County of Sacramento to the United States District Court for the Eastern District of California.

The background and grounds for removal are as follows:

## BACKGROUND

1. On July 17, 2026, Plaintiff County of Sacramento ("the County"), filed a complaint asserting claims under, *inter alia*, California common law in the Superior Court of California for the County of Sacramento, Case No. 26CV017286, captioned *County of Sacramento v. Phillip Morris USA Inc., Altria Group, Inc., R.J. Reynolds Tobacco Company, Reynolds American Inc., Santa Fe Natural Tobacco Company, Inc., British American Tobacco P.L.C., ITG Brands, LLC, Liggett Group, LLC, Liggett Vector Brands LLC, Pitco Tobacco, Inc., and Does 1 through 100*, (the "Complaint").

2. By the Complaint's own telling, the County seeks to impose liability on Defendants for the "design, manufacture, marketing, distribution, and sale of filtered cigarettes incorporating non-biodegradable plastic filters." Compl. ¶ 2; *see id.* ¶¶ 153–72. According to the County, these allegedly non-biodegradable filters get "discarded," pollute "County property, infrastructure, stormwater systems, waterways, [and] public resources," so the County accrues "cleanup costs."[1] *Id.* ¶ 3; *see id.* ¶¶ 191–98. The Complaint nowhere alleges that Defendants littered the filters themselves or encouraged that littering; instead, Defendants allegedly disregarded the filters'

[1] Because (among other reasons) the County's claims concern the "use" of cigarettes, these claims have been released by the Master Settlement Agreement, a settlement agreement entered into by tobacco defendants and most states in the late 90s. *See* Master Settlement Agreement § II(nn), https://tinyurl.com/2kuwxa5v ("MSA"). Accordingly, the County should be barred from proceeding with the claims it asserts against the manufacturers. Pursuant to the MSA, this release issue must be resolved by California's MSA court, which retains jurisdiction over such disputes. *See* Consent Decree and Final Judgment, *People ex rel. Lungren v. Philip Morris, Inc.*, No. J.C.C.P. 4041 (Cal. Super. Ct. San Diego Cnty. Dec. 9, 1998). If, however, any of the County's claims were to proceed, they should proceed in federal court, as explained in this Notice.

"predictable accumulation throughout County environments" from the littering of third-party consumers. *Id.*¶ 7, *see id.* ¶¶ 117, 136–44.

3. On the basis of the third-party litter, the County asserts claims against Defendants for public nuisance, continuing trespass, design defect (both negligence and strict liability), unjust enrichment, and violation of California Business and Professions Code section 17200. *Id.* ¶¶ 226–324. The County seeks declaratory relief, injunctive relief, and abatement to remedy the alleged harms. *Id.* ¶¶ 325–35; *id.* Prayer for Relief.

**COMPLIANCE WITH STATUTORY REQUIREMENTS**

4. Defendant Pitco Tobacco, Inc. was served the Complaint on July 22, 2026.

5. Defendants Philip Morris USA Inc., Santa Fe Natural Tobacco Company, Inc., ITG Brands, LLC, Liggett Group LLC, and Liggett Vector Brands, LLC were served on July 30, 2026.

6. Defendants R.J. Reynolds Tobacco Company and Reynolds American Inc. ("RAI") were served on August 3, 2026.

7. Defendant Altria Group, Inc. was served on August 14, 2026.

8. Removing Defendants have filed this Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" in accordance with 28 U.S.C. § 1446(b)(1).

9. Because district courts have supplemental jurisdiction over related claims, 28 U.S.C. § 1367(a), the removing party need only show that there is federal jurisdiction over a single claim, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005). As discussed below, some of the County's claims concern federal questions sufficient to invoke this Court's jurisdiction under 28 U.S.C. § 1331, in accordance with 28 U.S.C. § 1441(a). The remaining claims are subject to this Court's supplemental jurisdiction.

10. In accordance with 28 U.S.C. § 1446(a), **Exhibit A** contains true and correct copies of all process, pleadings, and orders served in this action, including the Complaint.

11. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants promptly will provide written notice of removal of the action to the County, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Sacramento.

12. Removing Defendants have obtained the consent of all other "defendants who have been properly joined and served" to remove the action. 28 U.S.C. § 1446(b)(2)(A).[2]

**VENUE**

13. The County filed this case in the Superior Court of California for the County of Sacramento. Therefore, this case may properly be removed to the Sacramento Division of the Eastern District of California. 28 U.S.C. § 1441(a); Civ. L.R. 120(d).

**FEDERAL QUESTION JURISDICTION: DISPUTED AND SUBSTANTIAL FEDERAL ISSUES**

14. The federal removal provision authorizes the removal to a district court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), including "all civil actions arising under the Constitution, laws, or treaties of the United States, *id.* § 1331. Complaints that plead only state-law causes of action nevertheless implicate a federal district court's original jurisdiction (and are thus removable) when the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Applying this test "calls for a common-sense accommodation of judgment to the kaleidoscopic situations that present a federal issue." *Id.* at 313 (internal quotation marks omitted).

15. Courts have recognized that state-law claims requiring interference with federal decisions and federal regulatory frameworks satisfy the *Grable* standard. *See, e.g.*, *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 724 (5th Cir. 2017) (where state-law claims allege "that conduct subject to an extensive federal permitting scheme is in fact subject to implicit restraints that are created by state law," the federal "issues are substantial"); *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) (complaint

[2] This Notice and the consents to it are solely for the purpose of removal under 28 U.S.C. § 1446(b)(2)(A) and do not constitute, and shall not be construed as, a waiver of any defense, including without limitation any defense based on lack of personal jurisdiction. All Defendants expressly reserve all such defenses pursuant to Federal Rule of Civil Procedure 12(b).

"presents a substantial federal question because it directly implicates actions taken by" a federal agency and "the rules" created by the agency); *McKay v. City & Cnty. of San Francisco*, 2016 WL 7425927, at *4 (N.D. Cal. Dec. 23, 2016) (a "federal issue is raised on the face of the complaint" where plaintiffs "request to enjoin the use of … flight paths after the FAA's approval" because the request "is tantamount to asking the Court to second guess the validity of the FAA's decision").[3]

16. Congress has legislated in relation to tobacco products "on six occasions since 1965" and created a "distinct regulatory scheme" for the industry. *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 137, 144 (2000). FDA in turn has the "power to regulate the manufacturing, marketing, sale, and distribution of tobacco products." *FDA v. Wages & White Lion Invests.*, 604 U.S. 542, 551 (2025). FDA regulates all aspects of tobacco product composition and ingredients; a manufacturer seeking to modify even minor components of a cigarette filter—even to replace them with "compositionally similar and functionally identical" components—must go through the same process. FDA, *Technical Project Lead (TPL) Review of Exemption Requests, EX0001492-PD1, EX0001501-PD1* 4 (June 23, 2021), https://tinyurl.com/ys8m9ka8. Indeed, because filters are "components" of a cigarette, 21 C.F.R. § 1114.3, any modification to a filter's composition—including the switch to a different material—is a "modification" that requires a new FDA marketing authorization before the modified product may be sold, 21 U.S.C. § 387j(a)(1)(B). Furthermore, FDA can set "tobacco product standards" for cigarettes, which include requirements for the "construction, components, ingredients, additives, constituents … and properties of the tobacco product," including cigarette "filter[s]." *Id.* § 387g(a)(1)(A), (a)(4)(B)(i). And Congress has expressly barred States and localities from establishing or maintaining any tobacco product requirement that is "different from, or in addition to" these federal product standards. *Id.* § 387p(a)(2)(A). Relatedly, FDA is tasked with applying the National Environmental Policy Act ("NEPA") by assessing the environmental impacts of "disposal from use of FDA-regulated

[3] The U.S. District Court for the District of Maryland remanded a similar cigarette filter action brought by the City of Baltimore in which a similar group of defendants sought removal on similar grounds. Removing Defendants respectfully submit that the Maryland decision, which is not binding on this Court, failed to appreciate that plaintiff's requested relief would materially interfere with federal product standards.

articles," 21 C.F.R. § 25.40, like cigarettes. *See also* National Environmental Policy Act; Environmental Assessments for Tobacco Products; Categorical Exclusions, 80 Fed. Reg. 57,531, 57,532 (Sept. 24, 2015); *id.* at 57,534 ("FDA also reviewed the effect on the environment due to … disposal of tobacco products (including cigarette butts) currently on the market … FDA has carefully considered the information available in order to conclude that these tobacco product actions qualify for categorical exclusion under NEPA."). Thus, Defendants cannot sell cigarettes with an allegedly biodegradable filter without express FDA approval.

17. The County alleges state-law claims that "directly implicate actions taken by" FDA and laws passed by Congress. *Pet Quarters*, 559 F.3d at 779. The County targets Defendants' "design, manufacture, marking, distribution, and sale of filtered cigarettes incorporating persistent cellulose acetate filter." *See, e.g.*, Compl. ¶¶ 227, 237, 248–52, 264, 294, 317, 326. Specifically, it faults Defendants for "manufactur[ing] and distribut[ing] filtered cigarettes incorporating non-biodegradable plastic filters without adopting feasible alternative designs," *id.* ¶ 27, and seeks to impose liability on Defendants for the third-party litter of those filtered cigarettes, *id.* ¶ 20, including through injunctive relief, *id.* ¶ 334. The result is a Complaint that "is tantamount to asking the Court to second guess the validity of the [FDA's] decision" to permit the marketing of cigarettes with allegedly non-biodegradable filters, *McKay*, 2016 WL 7425927, at *4, as well as the judgment behind FDA's decision to abstain from promulgating tobacco product standards regarding cigarette filters, *see* 21 U.S.C. § 387g(a)(1)(A), (a)(4)(B)(i).

18. The Complaint's own allegations confirm as much. The County alleges that Defendants' "own research and development programs included investigations into biodegradable filter materials, modified cellulose acetate formulations, alternative filter components," and other design changes. Compl. ¶ 174. Despite allegedly "possessing the capability to investigate and implement measures capable of materially reducing the County harms associated with discarded cigarette filters," Defendants allegedly declined to adopt them. *Id.* ¶ 179. The County further alleges that "feasible alternative designs and materials existed that would have materially reduced" the harms allegedly caused by the current filter. *Id.* ¶ 285.

19. The above allegations give rise to a federal issue under *Grable*. The Tobacco Control Act requires the FDA to authorize product modifications, including any such modification to a filter "component," before the modified product may lawfully be sold. 21 U.S.C. § 387j(a)(1)(B). The Court's analysis of the viability of Plaintiff's alleged "feasible alternative design" will therefore necessarily involve an assessment of the process for obtaining FDA authorization for an alternative filter design under one or more of FDA's authorizations pathways. This will lead to a "[federal] case within a [state] case." *Gunn v. Minton*, 568 U.S. 251, 259; *see also id.* ("To prevail on his legal malpractice claim, … [the plaintiff] must show that [but for the lawyer's error] he would have prevailed in his federal patent infringement case," which "will necessarily require application of [federal] patent law to the facts of [his] case."). The County's public nuisance claim raises a similar federal issue by another route. To prevail, the County must show that Defendants' conduct constitutes an unreasonable interference with rights common to the public, and the Complaint so alleges. *See, e.g.*, Compl. ¶ 230; *see People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, 1105 (1997). But Congress and FDA have already weighed the costs and benefits of filtered cigarettes, including their environmental effects. Congress has expressly permitted the continued sale of cigarettes, *see, e.g.*, 21 U.S.C. §§ 387e(j), 387j(a)(1)(B), and FDA has determined that "the effects of keeping tobacco products on the market are individually and cumulatively trivial compared to the existing environmental effects" from other sources of waste, 80 Fed. Reg. at 57,534. Assessing whether Defendants' filtered cigarettes give rise to an "unreasonable" public nuisance thus requires the Court to reweigh the same public-health and environmental considerations that Congress and FDA have already resolved through the federal regulatory scheme—precisely the kind of substantial federal issue that supports jurisdiction under *Grable*.

**CONCLUSION**

20. For the foregoing reasons, this Court has original subject matter jurisdiction over this action based on federal question jurisdiction. Accordingly, Removing Defendants hereby remove this action from the Superior Court of California for the County of Sacramento to the United States District Court for the Eastern District of California.

Dated: August 28, 2026

JONES DAY

By: */s/ Patrick Haney*

PATRICK HANEY (SBN 266399)
JONES DAY
51 Louisiana Ave N.W.
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
Email: phaney@jonesday.com
Attorney for Defendant
R.J. REYNOLDS TOBACCO COMPANY

Dated: August 28, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Sean Morris*

SEAN MORRIS (SBN 200368)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000
Facsimile: 213.243.4199
Email: Sean.Morris@arnoldporter.com

MEREDITH B. OSBORN (SBN 250467)
Meredith.Osborn@arnoldporter.com
TOMMY HUYNH (SBN 306222)
Tommy.Huynh@arnoldporter.com
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400
Attorneys for Defendant PHILIP MORRIS USA INC.